No. 32,370

The State of Kansas, *Appellant*, v. Mildred Pearl Hardesty et al., *Appellees.*

(50 P. 2d 982)

Opinion filed November 9, 1935.

*Clarence V. Beck,* attorney general, *J. S. Parker,* assistant attorney general, *Erle S. Francis,* attorney for the Board of Administration, and *J. C. Edwards,* county attorney, for the appellant.

*G. R. Gard* and *Stanley E. Toland,* both of Iola, for the appellees.

The opinion of the court was delivered by

Thiele, J.: The state of Kansas appeals from a judgment denying it recovery from a minor for her maintenance at the state orphans' home.

In October, 1925, in a proceeding had in Allen county, it was found that defendant, whose father was dead, and whose mother was an unfit and improper person to have her care and custody, was a dependent and neglected child, and she was committed to the state orphans' home at Atchison. At that time she was about nine years of age. Under the statutes (R. S. 76-1706, 76-1709, 76-1711) provision is made for placing children in other homes, and it appears inferentially that the defendant was away from the orphans' home for varying lengths of time. Just why she was returned does not appear. Defendant's father was a soldier, and after her commitment she received compensation from the United States government, and at the time of the trial her guardian had on hand cash in the amount of $1,200. The orphans' home is under the control of the state board of administration (R. S. 76-108), and it caused this action to be brought to recover from the orphan the amount of her care, food, lodging, clothing, medical treatment, maintenance, support and education at the rate of $2.50

per week for the entire time she was in the orphans' home, the total amount prayed for being $766. The petition alleged the father of defendant was dead and her mother had no income or property to pay for the care and support of the defendant. An agreed statement of facts was filed and the cause was submitted on written briefs. The trial court found in favor of the defendant and against the plaintiff, which appeals.

By chapter 185 of the Laws of 1885, the soldiers' orphans' home was established, section 3 of the act reciting:

"Said soldiers' orphans' home shall be an institution for the nurture, education and maintenance, *without charge,* for all *indigent children* of soldiers who served in the army or navy of the Union during the late rebellion, and who have been disabled from wounds or disease, or who have since died in indigent circumstances, and other indigent orphan children of the state." (Italics ours.)

This section was amended by chapter 236 of the Laws of 1889, to read as follows:

"Said soldiers' orphans' home shall be an institution to afford a temporary home *without charge* for the classes of children hereinafter mentioned, and to provide them with such advantages of education and training as may be necessary to fit them to enter homes secured for them, or for return to the care of relatives or friends worthy to have charge of them, and who may have recovered their ability to provide for their welfare. All children with sound minds and bodies, who are over the age of two years and under the age of fourteen years, and who belong to either of the following-named classes, shall be eligible for admission to said home: *First, any child who is dependent upon the public for support; second, any abandoned, neglected or ill-treated child, whose condition is an object of public concern, and over whom the state may have power to exercise its authority and extend its protection: Provided,* That in the event of a lack of room in said institution, the children of soldiers and sailors who served in the Union army or navy during the late rebellion shall have preference in the order of admission." (Italics ours.)

In the revision of 1923 (R. S. 76-1704) the words "Soldiers' Orphans' Home" were changed to "state orphans' home," consistent with the change in the name of the institution as effected by section 1 of chapter 115 of the Laws of 1909. (R. S. 76-1701.)

It will be observed that while the original act provided only for indigent orphans, the amendment included children dependent on the public for support and neglected children over whom the state may have power to exercise its authority and extend its protection. It appears inferentially that when the minor was committed she was without means and dependent on the public for support, and

it appears positively that she was a dependent child subject, under the statutes (R. S. 38-407, 38-425), to commitment as a dependent child.

Appellant, however, relies on R. S. 76-1712 which, in part, recites as follows:

"In addition to the other provisions of the laws of this state providing for the support, care and maintenance of minor children by their parent or parents or other persons responsible for their dependency, the state of Kansas is hereby authorized to maintain an action at any time and at any place *against the parent or parents or other persons* to recover the amount expended by the state orphans' home for the support, care and maintenance of any such child or children." etc. (Italics ours.)

The above statute does not pretend to give the state any right of action against the minor child unless that child is included in the "other persons" referred to. Had it been the intention of the legislature to make the child liable for its own support, care and maintenance, it could easily have used language clearly expressing that intention, as it did in R. S. 39-231, 39-232, 39-233, respecting insane persons, and in R. S. 39-413, respecting hospital treatment of children and dependent persons. Grammatical construction would seem to preclude minors as being "other persons responsible for their dependency," as the statute is framed. However, it is not necessary that we determine those who may be included in the words "other persons" nor do we do so, for we are constrained to hold that before the state can collect from the minor's estate, there must be a clear statutory declaration of liability of the minor for its own support, care and maintenance, and that the words "other persons" do not include the minor.

The judgment of the trial court is affirmed.